(137 So. 312)

## WINSTON v. STATE.
### 8 Div. 304.

Court of Appeals of Alabama.
June 16, 1931.

Rehearing Denied June 30, 1931.

O. Kyle, of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of assault with intent to murder. Her punishment was fixed at imprisonment in the penitentiary for an indeterminate term of not less than two nor more than three years.

The state's evidence tended to show that she made a murderous assault upon her paramour, by shooting him with a pistol, for

no apparent cause whatever. Her own, also of a rather fanciful nature, was to an opposite effect.

The whole occurrence revolved about an illicit sexual contract, or contact, between negroes, with the principal witnesses likewise of that race.

■ None but a jury was competent, in our opinion, to say what the facts were, from the conflicting testimony adduced.

· ■ The trial court's oral charge, read in connection with the several written charges given to the jury at appellant's request, covered and included every correct principle of applicable law contained in any one of the written requested charges which were ·refused to appellant. We find no error in the refusal of any of these charges. Code 1923, § 9509; We are not to be understood as saying that the court would have been under a duty to give any one of said charges, otherwise. Notably, without commenting on each one of said charges, we observe that written, requested, and refused charge 6 has been held to be·but a mere argument, and, of course, always properly refused. Morris v. State, 146 Ala. 66, 41 So. 274.

■ We are unable to see that requiring appellant, upon cross-examination, after she had taken the stand and testified in her own behalf, to write certain words upon a piece of paper, which writing was not introduced in evidence, worked any injury to her rights. So, without going into the question of whether or not it was error to require her to write the words, we hold that here, in any event, there was no prejudicial error in requiring her to do so.

Above, we have discussed all those matters treated in the brief filed here on behalf of appellant.

In addition, we have carefully read and considered the entire record, including the bill of exceptions.

There appears, nowhere, prejudicial error, and the judgment of conviction is affirmed.

The opinion hereinabove is substituted for the original opinion, which is hereby withdrawn.

· Application for rehearing is overruled.